## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action |
| | ) | |
| v. | ) | No. 07-10142-10-JTM |
| | ) | |
| COREY CORNELIUS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

### MEMORANDUM AND ORDER

Presently before the court is Defendant Corey Cornelius' Motion to Suppress Evidence Pertaining to Racketeering Act 34 as Alleged in Count 1(Dkt. No. 902), and Motion to Suppress Evidence Pertaining to Search of the Defendant's Home Pursuant to Search Warrant in 95 C 16303 (Dkt. No. 904).  The court held a hearing on February 17, 2009, where it made detailed rulings.  For the reasons stated on the record and summarized below, the court rules as follows.

### Motion to Suppress Evidence Pertaining to Racketeering Act 34 as Alleged in Count 1

Cornelius seeks to suppress the following evidence: (1) the Buccal swabs seized; (2) the DNA profile obtained from the saliva samples; and (3) all physical evidence seized from any house, office, mode of conveyance or other building, land etc.

Cornelius is accused of robbing a credit union in July 2006.  As a result of the investigation, certain items were seized from a vehicle and DNA profiles were obtained.  The United States Magistrate Judge authorized the search warrant for four Buccal swabs from Cornelius.

Cornelius now claims that the evidence was obtained as a result of unreasonable and unconstitutional searches and seizures.  Specifically, Cornelius claims that the affidavit filed in support of the government's application for a search warrant lacked probable cause.  The government disagrees with that contention, and argues that even if there was a problem, the executing officers seemed to have acted in good faith and with reasonable reliance on the warrant, and thus the evidence should be admissible under the good faith exception.

"A magistrate judge's task in determining whether probable cause exists to support a search warrant 'is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Artez*, 389 F.3d 1006, 1111 (10th Cir. 2004)(quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)).  Because searches conducted pursuant to a warrant are favored, a magistrate's decision to issue a warrant is entitled to great deference.  *United States v. Gonzales*, 399 F.3d 1225, 1228 (10th Cir. 2005).

In the affidavit in support of the warrant, Sheila Peters, an employee of Equishare, identified Cornelius.  Ms. Peters remembered Cornelius as a customer because he had come into the bank a few days before the robbery and was reportedly acting suspiciously.  Based on an eyewitness identification, there was arguably sufficient probable cause to issue the search warrant to obtain "known hair, saliva and blood samples all containing DNA" to be collected from Cornelius, and thus his motion to suppress should be denied.  Further, the fact that a second eyewitness did not identify Mr. Cornelius should not be fatal to the issuance of the warrant, as there is no authority that every single fact known to a police officer must be reported to a

magistrate.  Finally, there is no authority to support Cornelius' position that the DNA analysis

was a second search.  Rather, it is inherent in the issuance of a warrant for DNA samples that

such evidence will be analyzed.  As such, the motion is denied.

**<u>Motion to Suppress Evidence Pertaining to Search of the Defendant's Home Pursuant to</u>**

**<u>Search Warrant in 95 C 16303</u>**

Based on the government's proffer that it was unable to locate the search warrant in the

case, the defendant's motion (Dkt. No. 904) is granted as uncontested, and the government is

prohibited from presenting evidence obtained from a search warrant in WPD Case No. 95 C

16503.

IT IS ACCORDINGLY ORDERED this of 19th February, 2009, that defendant

Cornelius' Motion to Suppress Evidence Pertaining to Racketeering Act 34 as Alleged in Count

1(Dkt. No. 902) is denied, and Cornelius' Motion to Suppress Evidence Pertaining to Search of

the Defendant's Home Pursuant to Search Warrant in 95 C 16303 (Dkt. No. 904) is granted.

 s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE